UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ADMINISTRATORS, INC.,

    Plaintiff,

v.

ACE PAVING CO., INC.,

    Defendant.

Case No. C12-403-BAT

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Plaintiff Northwest Administrators, Inc., filed this action to collect unpaid contributions to employee benefit plan trust funds from defendant Ace Paving Co., Inc. Dkt. 1. Plaintiff has moved for summary judgment. Dkt. 8. Defendant has not filed a response in opposition. Having considered plaintiff's motion and the record, the Court hereby **GRANTS** plaintiff's motion for summary judgment.

## DISCUSSION

The relevant facts are undisputed. On March 8, 2012, plaintiff initiated this action against defendant to recover unpaid contributions, liquidated damages, interest, attorney's fees, and costs. Dkt. 1. Plaintiff is the authorized administrative agent and assignee of the Washington Teamsters Welfare Trust Fund ("Trust Fund") and the Western Conference of Teamsters Pension Trust ("Pension Trust"). Dkt. 9 (Ditter Decl.). These Trusts operate under

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 1

§ 302 of the Labor Management Relations Act of 1947 to provide medical, dental, vision, time loss, and death benefits to eligible participants. *Id.* Plaintiff is responsible for maintaining the Trusts' records and files, collecting contributions, auditing employers, and processing and paying claims for benefits. *Id.*

Defendant has employed members of a bargaining unit represented by the International Brotherhood of Teamsters Local 589. *Id.* Local 589 is an employee organization within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.* Defendant and Local 589 are parties to a collective bargaining agreement ("CBA") that requires employers to contribute to both Trusts at a specific rate for each hour of compensation the employers pays to their eligible employees. *Id.* The CBA requires employers to pay their contributions by the tenth day of the month following the month in which the hours were worked. *Id.* Employers must also submit, along with their contributions, monthly remittance reports detailing the contributions required on behalf of each employee. The Trusts' agreements provide that employers who are late in making their contributions must pay, in addition to the amount of delinquent contributions, liquidated damages of 20 percent of the amount of contributions due, plus interest. *Id.*

As of June 2012, defendant had not made its contribution payments for December 2011 through April 2012. *Id.* Consequently, plaintiff calculates that for the Trust Fund, defendant owes a total of $22,929.42 in contributions, liquidated damages, and interest, and for the Pension Trust, defendant owes a total of $18,821.14 in contributions, liquidated damages, and interest. *Id.* Plaintiff seeks a total of $34,523.83 in delinquent contributions, $6,904.77 in liquidated damages, $322.20 in interest, and attorney's fees and costs.

Summary judgment is appropriate when, viewing the evidence in the light most favorable

to the nonmoving party, there exists "no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, it is entitled to summary judgment if the nonmoving party fails to present specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Under 29 U.S.C. § 1145, an employer who is obligated to make contributions to an employee benefit plan must make the contributions in accordance with the terms of the governing CBA. Under 29 U.S.C. § 1132(g)(2), in an action seeking payment of delinquent contributions in which the court awards judgment in favor of the plan, the court shall award the plan:

(A)  the unpaid contributions,
(B)  interest on the unpaid contributions,
(C)  an amount equal to the greater of—
    (i)  interest on the unpaid contributions, or
    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
(D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E)  such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Plaintiff has shown, and defendant does not dispute, that defendant was obligated to pay contributions to the Trusts under the terms of the CBA, that defendant failed to pay its contributions from December 2011 through April 2012, and that defendant is therefore liable for the unpaid contributions, interest on the unpaid contributions, liquidated damages equal to 20

percent of the unpaid contributions, and attorney's fees and costs.

Accordingly, the Court **ORDERS:**

1. Plaintiff's motion for summary judgment (Dkt. 8) is **GRANTED**.

2. Judgment is awarded in favor of plaintiff against defendant in the amounts hereinafter listed, which amounts are due to plaintiff for the employment period of December 2011 through April 2012 for the Washington Teamsters Welfare Trust Fund and for the Western Conference Teamsters Pension Trust:

   A. $34,523.83 for contributions;

   B. $6,904.77 for liquidated damages;

   C. $322.20 for interest; and

   D. Reasonable attorney's fees and costs (to be determined at a later date after plaintiff submits an attorney's fees and costs declaration).

DATED this 29th day of June, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge